127 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Claribel LOPEZ, Defendant-Appellant.
 No. 96-10443.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 15, 1997.**
Decided October 15, 1997.
 
 Appeal from the United States District Court for the District of Arizona, John M. Roll, District Judge, Presiding; No. CR-95-00013-JMR.
 Before: KOZINSKI, MAYER*** and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lopez appeals her sentence. Because Lopez violated the terms of her probation, "the court may [have,] ... after considering the factors set forth in section 3553(a) to the extent they are applicable--... revoke[d] the sentence of probation and impose[d] any other sentence that was available under subchapter A at the time of the initial sentencing." See 18 U.S.C. § 3565(a) (1988) (current version at 18 U.S.C. § 3565(a) (1994)). Lopez essentially argues that her agreement to plead guilty and cooperate truthfully rendered possible a twenty-four month sentence upon probation revocation.
 
 
 3
 Section 6B1.2 of the U.S. Sentencing Guidelines Manual is relevant to Lopez' contention. See 18 U.S.C. § 3353(a)(5) (1988). That section says that when considering a plea agreement that falls outside the applicable guideline range, "the court may accept the agreement if the court is satisfied ... that: ... the agreed sentence departs from the applicable guideline range for justifiable reasons." "Justifiable reasons" are aggravating and mitigating considerations not incorporated into or reflected by the Sentencing Guidelines. See U.S. Sentencing Guidelines Manual § 6B1.2 commentary (citing 18 U.S.C. § 3553(b)). These considerations also govern a non-plea departure from the Sentencing Guidelines. See 18 U.S.C. § 3553(b).
 
 
 4
 In this case, mitigating considerations, not the presence or absence of a plea agreement, determine the propriety of a twenty-four month sentence. Thus, contrary to Lopez' assertion, the court did not "preclude[ ] the possibility [that] Ms. Carranza-Lopez could receive the [sentence] of the plea agreement" by applying the amended version of 18 U.S.C. § 3565(a). The court may have imposed the sentence under either version. Noting that Lopez "received an enormous break" when originally sentenced, it implicitly declined. The court did not abuse its discretion. Because the court applied the 1988 version of the statute, it did not violate the Ex Post Facto Clause in sentencing Lopez.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-3
 
 
 **
 * The Honorable H. Robert Mayer, United States Court of Appeals for the Federal Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3